UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------------  X
JOSEPH GARVEY, Individually and on         :
Behalf of a Class of Similarly Situated    :
Individuals,                               :
                                           :
                    Plaintiff,             :
                                           :
v.                                         :
                                           :
METACAFE, INC.,                            :
                                           :    Case No.: CV11-5588 (RRM) (RER)
                    Defendant.             :
-------------------------------------------------------  X
QUYNH NGUYEN, Individually and on          :
Behalf of a Class of Similarly Situated    :
Individuals,                               :
                                           :
                    Intervenor,            :
v.                                         :
                                           :
METACAFE, INC.,                            :
                                           :
                    Defendant.             :
-------------------------------------------------------  X
```

### UNOPPOSED MOTION TO INTERVENE
### AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, Proposed Intervenor Quynh Nguyen (hereinafter "Intervenor") seeks to intervene as a plaintiff in this action. Intervenor's proposed Complaint in Intervention is attached hereto as Exhibit A. The parties herein do not oppose this motion to intervene.

### I. BACKGROUND

This putative nationwide class action lawsuit has been brought against Defendant Metacafe, Inc. (hereinafter "Metacafe") by Plaintiff Joseph Garvey (hereinafter "Plaintiff Garvey"). Plaintiff Garvey filed this lawsuit just weeks ago, on November 16, 2011.

(Doc. No. 1). Two days later, Plaintiff Garvey filed an Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. No. 2).

Almost a year ago, on January 6, 2011, Intervenor filed a lawsuit against Metacafe in Arkansas state court on January 6, 2011, styled Case No. CV11:51-4; *Quynh Nguyen v. Metacafe, Inc.,* In the Circuit Court of Washington County, Arkansas, alleging the same material facts that have recently been made the basis of the present lawsuit. A copy of the complaint in *Nguyen* is attached hereto as Exhibit B. The *Nguyen* case has been continuously prosecuted since its filing. (*See* Declaration of Richard Norman, attached hereto as Exhibit C).

The proposed settlement of the present lawsuit will, if approved, subsume Intervenor's *Nguyen* litigation in Arkansas. However, Intervenor does not seek intervention in order to challenge the proposed settlement. To the contrary, Intervenor supports the proposed settlement. Rather than seeking to delay or prejudice the parties to the present suit, Intervenor and her counsel believe that, as a result of their being involved with litigation and mediation of the same material claims against Metacafe for the past eleven months, allowing intervention will significantly contribute to the full development of the underlying factual issues in the present suit and to the just and equitable adjudication of the legal questions presented.

**II. LEGAL STANDARD GOVERNING PERMISSIVE INTERVENTION**

Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure provides:

(b) Permissive Intervention.

    (1) In General. On timely motion, the court may permit anyone to intervene who:

> … (B) has a claim or defense that shares with the main action a common question of law or fact

FED.R.CIV.P. 24(b)(1). In addition, Rule 24(b)(3) provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. FED.R.CIV.P. 24(b)(3). According to the Second Circuit, the court may consider other relevant factors, including (1) "the nature and extent of the [intervener's] interests"; (2) whether the existing parties adequately represent those interests; and (3) whether allowing intervention would "significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191–92 (2d Cir.1978) (internal quotation marks omitted).

### III. ARGUMENT: INTERVENTION SHOULD BE ALLOWED

This motion to intervene is "timely." *See* FED.R.CIV.P. 24(b)(1).

> Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness.

*United States v. New York*, 820 F.2d 554, 557 (2d Cir.1987). This action has only very recently been filed, on November 16, 2011. (Doc No. 1). Metacafe has appeared but not answered the complaint. (Doc. No. 3 and 4). Intervenor first learned about this lawsuit two weeks ago, on November 18, 2011. (See Decl. of Richard Norman, attached as Exhibit C). Intervenor is not guilty of any "delay," and there would be no prejudice to the existing parties.

Intervenor "has a claim … that shares with the main action a common question of law or fact" FED.R.CIV.P. 24(b)(1).  Intervenor alleges causes of action almost identical to Plaintiff Garvey pertaining to Metacafe's covert placement of information tracking devices known as "LSOs" or "Flash cookies" onto the computers of persons who view the Metacafe website.  (*See* Doc. No. 1 [Plaintiff's Complaint] and Exhibit B hereto [Intervenor's Complaint]). Indeed, Intervenor's proposed complaint is substantively identical to the complaint filed by Plaintiff Garvey. *See id.*; *see, also, e.g., Endress v. Gentiva Health Services, Inc.,* 276 F.R.D. 62 (E.D.N.Y. 2011) ("Here, the Court finds that permissive intervention is appropriate. MPRA moved to intervene before any answer or dispositive motion was filed by the defendants, and has submitted a proposed complaint that is substantively identical to the complaint filed by Steve Endress. Further, there is no indication that permitting MPRA's intervention would unduly delay the present proceedings. The Court therefore grants MPRA's unopposed motion to intervene as a plaintiff in this action.").

There is nothing to suggest that the requested intervention will "unduly delay or prejudice the adjudication of the original parties' rights. FED.R.CIV.P. 24(b)(3).  The "original parties" do not oppose the requested intervention, and Intervenor is not seeking to contest or delay the proposed settlement.  For example, on November 18, 2011, Metacafe filed a letter with this Court expressing concern about its discovery obligations in Intervenor's Arkansas lawsuit. (Doc. No. 5).  However, soon after learning about this lawsuit and proposed settlement, Intervenor has now voluntarily moved to stay her Arkansas lawsuit in deference to the proposed settlement pending before this Court. (*See*

4

Motion to Stay, filed in *Nguyen* on December 1, 2011, and Order Granting Joint Motion to Stay attached hereto as Exhibit D).

In addition, other relevant factors support allowing intervention. As noted, the Plaintiff and Defendant do not oppose the requested intervention. Furthermore, "the nature and extent of the [intervener's] interests" supports intervention. In this regard, Plaintiff Garvey and Metacafe specify in the proposed settlement that their agreement will release all claims asserted in Intervenor's *Nguyen* case:

> Plaintiffs, through Settlement Counsel, represent that they have reviewed the claims in the *Nguyen* case and have concluded that the claims raised in that case are a subset of those raised by Plaintiffs herein, that the putative class as defined in the *Nguyen* case all are Class Members hereunder, and that all the claims pled in the *Nguyen* case would be considered Released Claims in this Settlement.

(*See* Settlement Agreement, ¶ 1.11, at n. *).

Perhaps most importantly, allowing intervention will "significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Brennan*, 579 F.2d at 191–92. Intervenor and her counsel had been actively pursuing these claims against Metacafe since well before the present case was filed. The proposed settlement agreement herein acknowledges that "[p]rior to receiving [Plaintiff Garvey's] Demand Letter, Metacafe already had been sued in the *Nguyen* Case" and "[t]he *Nguyen* Case, like this Action, alleges that Metacafe's use of LSOs gave rise to cognizable damages." (*Id.*, at ¶ 2.5). The proposed settlement agreement further acknowledges that part of the investigation by Plaintiff's Garvey's counsel herein was to review "Metacafe's discovery responses and documents produced in the *Nguyen* Case." (*Id.*, at ¶ 2.8). Intervenor and her counsel have been researching, developing and pursuing claims materially identical to the claims

5

now pending before this Court for more than a year, including litigation and mediation in the *Nguyen* action. (*See* Declaration of Richard Norman, attached hereto as Exhibit B). Intervenor and her counsel can and will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

## IV.  CONCLUSION AND PRAYER

WHEREFORE, Quynh Nguyen requests that her motion be granted and she be allowed to appear as an intervenor herein.

DATED:  December 8, 2011

Respectfully Submitted By:

Quynh Nguyen, Individually, and on Behalf of a Class of Similarly Situated Individuals, Intervenor

*/s/Joe R. Whatley, Jr.*
Joe R. Whatley, Jr.
Whatley Drake & Kallas
1540 Broadway, 37th Floor
New York, NY 10036
Telephone:  205-328-9576
Facsimile:   212-447-7077
Email: jwhatley@wdklaw.com

W. H. Taylor, #81154
William B.  Putman, #91198
Stevan E. Vowell, #75134
Taylor Law Partners
303 E. Millsap Road
P.O. Box 8310
Fayetteville, Arkansas  72703
Telephone:    (479) 443-5222
Facsimile:    (479) 443-7842

Matt Keil, #86099
John C. Goodson, #90018
Keil & Goodson, P.A.
406 Walnut Street

Texarkana, Arkansas  71854
Telephone:     (870) 772-4113
Facsimile:     (870) 773-2967

Brad E. Seidel, #2007122
Michael B. Angelovich
Nix, Patterson & Roach, LLP
205 Linda Drive
Daingerfield, Texas 75638
Telephone:     (903) 645-7333
Facsimile:     (903) 645-4415

Brady Paddock, #93135
Nix, Patterson & Roach, LLP
2900 St. Michael Drive, Suite 500
Texarkana, Arkansas  75503-5946
Telephone:     (903) 223-3999
Facsimile:     (903) 223-8520

Joel M. Fineberg
Stuart L. Cochran
Joel M. Fineberg, PC
6900 North Dallas Parkway, Suite 200
Dallas, Texas  75024
Telephone:     (214) 219-8828
Facsimile:     (214) 219-8838

Richard E. Norman
Crowley Norman, LLP
Three Riverway, Suite 1775
Houston, Texas  77056
Telephone:     (713) 651-1771
Facsimile:     (713) 651-1775

COUNSEL FOR INTERVENOR

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2011, a true and correct copy of the above and foregoing document has been served by email and in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following counsel of record:

Jeffrey S. Jacobson, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(Counsel for Defendant Metacafe, Inc.)

Scott Kamber, Esq.
KamberLaw, LLC
100 Wall Street 23rd floor
New York, New York 10005
(Counsel for Plaintiff Joseph Garvey)

                                                      */s/Joe R. Whatley, Jr.*
                                                      Joe R. Whatley, Jr.